UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――X
ADAM ORTIZ,

                      Plaintiff,        **AMENDED COMPLAINT**

   -against-                            PLAINTIFF DEMANDS
                                         TRIAL BY JURY
THE CITY OF NEW YORK, POLICE OFFICER
NELSON MEDINA, Shield #22851, POLICE
OFFICER KAI CHIN, Shield # 15971,           Case No.: 1:15-cv-04392

                     Defendants.
―――――――――――――――――――――――――X

       PLAINTIFF ADAM ORTIZ, by his attorney DAVID A. ZELMAN, ESQ., for his COMPLAINT, alleges upon information and belief, as follows:

### I. PRELIMINARY STATEMENT

1. This is a civil rights action in which PLAINTIFF ADAM ORTIZ (hereinafter "ORTIZ") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. On or about April 26, 2014, at approximately 10:22 P.M., at or near the subway station at Canal and Varick Street, New York, NY, ORTIZ was assaulted by Defendants POLICE OFFICER NELSON MEDINA, shield #22851, and/or POLICE OFFICER KAI CHIN, Shield # 15971. It is alleged that Defendants assaulted ORTIZ in violation of his constitutional rights. It is further alleged that ORTIZ was beaten by Defendants while at the subway station. As a result of the excessive force used by Defendants, ORTIZ suffered physical and mental injuries.

### II. JURISDICTION

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

### III. PARTIES

3.     ORTIZ has at all times relevant hereto resided in Bronx County.

4.     Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5.     Defendant POLICE OFFICER NELSON MEDINA, shield #22851 (hereinafter "MEDINA") was an NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

6.     Defendant POLICE OFFICER POLICE OFFICER KAI CHIN, Shield # 15971 (hereinafter "CHIN") was an NYPD Police Officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

7.     At all relevant times hereto, Defendants MEDINA and/or CHIN was acting under the color of state and local law. Defendants MEDINA and/or CHIN is sued in his individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit,

under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

8. On or about April 26, 2014, at approximately 10:20 P.M., ORTIZ was in the Canal Street subway station when he was approached by uniformed Defendants New York Police Department Police Officers MEDINA and/or CHIN.

9. Defendants MEDINA and/or CHIN then proceeded to seize ORTIZ, slammed ORTIZ's head against the wall and used excessive force causing ORTIZ physical and emotional injuries.

10. Defendants MEDINA and/or CHIN wrote ORTIZ a ticket for criminal trespass, Penal Law Section 140.05. That charge was subsequently dismissed.

11. ORTIZ suffered injuries, including but not limited to his forehead, face and lip and required treatment at Montefiore Medical Center.

## V. FIRST CAUSE OF ACTION
Pursuant to §1983 (FALSE ARREST)

12. Paragraphs 1 through 11 of the complaint are hereby realleged and incorporated by reference herein.

13. That Defendants MEDINA and/or CHIN had neither valid evidence for the arrest of ORTIZ nor legal cause or excuse to seize and detain him.

14. That in detaining ORTIZ without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and

employees routinely charged persons with crimes they did not commit. ORTIZ was but one of those persons.

15. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

16. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.   In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

17. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of ORTIZ's rights alleged herein.

18. By reason of Defendants' acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of ORTIZ's rights, subjected ORTIZ to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

19. By reason of the foregoing, ORTIZ suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.   All of said injuries may be permanent.

VI. SECOND CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

20. Paragraphs 1 through 19 are hereby realleged and incorporated by reference herein.

21. That the incident that resulted from the intentional application of physical force by Defendants MEDINA and/or CHIN constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

22. That Defendants MEDINA and/or CHIN had no legal cause or reason to use excessive force.

23. That Defendants MEDINA and/or CHIN violated ORTIZ's Fourth and Fourteenth Amendment rights to be free from unreasonable seizures when he used excessive force against him.

24. That at the time of the seizure, ORTIZ did not pose a threat to the safety of the arresting officers.

25. That ORTIZ was not actively resisting arrest or attempting to evade arrest.

26. That Defendant CITY, through its officers, agents, and employees, unlawfully subjected ORTIZ to excessive force.

27. That Defendants MEDINA's and/or CHIN's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

28. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of ORTIZ's civil rights, including but not limited to the right to be free from the application of excessive force.

29. That by reason of Defendants MEDINA's and/or CHIN's acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of ORTIZ's rights, subjected ORTIZ to excessive force, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

30. That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

31. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

32. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

33. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of ORTIZ's rights alleged herein.

34. By reason of the foregoing, ORTIZ suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.   All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
Pursuant to § 1983 (ILLEGAL INVESTIGATORY DETENTION)

35. Paragraphs 1 through 34 of this complaint are hereby realleged and incorporated by reference herein.

36. That Defendants MEDINA and/or CHIN stopping ORTIZ and applying force against his body constituted a seizure.

37. That Defendants MEDINA and/or CHIN had neither valid evidence nor legal cause or excuse to seize and detain ORTIZ.

38. That in detaining ORTIZ without reasonable suspicion that criminal activity had occurred or was about to occur, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely stopped persons without reasonable suspicion of criminal activity. ORTIZ was but one of those persons.

39. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

40. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

41. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of ORTIZ's rights alleged herein.

42. By reason of Defendants' acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of ORTIZ's rights, subjected ORTIZ to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

43. By reason of the foregoing, ORTIZ suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (ILLEGAL INVESTIGATORY DETENTION)

44. Paragraphs 1 through 43 are hereby realleged and incorporated by reference herein.

45. That Defendants MEDINA and/or CHIN stopping ORTIZ and applying force against his body constituted a seizure.

46. That the seizure of ORTIZ was unlawful in that Defendants MEDINA and/or CHIN had no reasonable suspicion to detain him.

47. That Defendants MEDINA and/or CHIN lacked reasonable suspicion that ORTIZ committed a crime or was about to commit a crime.

48. That ORTIZ's actions prior to being stopped by Defendants MEDINA and/or CHIN were innocuous and readily susceptible of an innocent interpretation.

49. By reason of Defendants MEDINA's and/or CHIN's acts and omissions, Defendants MEDINA and/or CHIN, acting in gross and wanton disregard of ORTIZ's rights, deprived him of his liberty when he subjected him to an unlawful, illegal and excessive detention, in violation of State law.

50. That by reason of the foregoing, ORTIZ suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
Pursuant to State Law (Assault and Battery)

51. Paragraphs 1 through 50 are hereby realleged and incorporated by reference herein.

52. That Defendants MEDINA and/or CHIN intended to cause harmful bodily contact to ORTIZ.

53. That Defendants MEDINA and/or CHIN, in a hostile manner, voluntarily caused ORTIZ's injuries.

54. That Defendants MEDINA's and/or CHIN's contact with ORTIZ constituted a battery in violation of the laws of the State of New York.

55. That by reason of the foregoing, ORTIZ suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.   All of said injuries may be permanent.

### X. SEVENTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

56. Paragraphs 1 through 55 are hereby realleged and incorporated by reference herein.

57. That Defendants MEDINA and/or CHIN was acting in furtherance of the duties owed to his employer, Defendant CITY.

58. That at all times Defendants were acting within the scope of their employment.

59. That Defendant CITY was able to exercise control over Defendants MEDINA's and/or CHIN's activities.

60. That Defendant CITY is liable for Defendants MEDINA's and/or CHIN's actions under the doctrine of respondeat superior. By reason of the foregoing, ORTIZ suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.   All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, ORTIZ has suffered and will continue to suffer, physical pain, emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. ORTIZ has further experienced severe emotional and physical distress.

WHEREFORE, ORTIZ respectfully requests that judgment be entered:

1. Awarding ORTIZ compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding ORTIZ punitive damages in an amount to be determined by a jury;

3. Awarding ORTIZ interest from April 26, 2014 and

4. Awarding ORTIZ reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as this Court seems proper.

DATED: Brooklyn, New York
May 2, 2016

> _____
> DAVID A. ZELMAN, ESQ.
> (DZ 8578)
> 612 Eastern Parkway
> Brooklyn, New York 11225
> (718)604-3072

TO: Noreen Stackhouse, Esq.
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007
(212) 356-2356